## BOARD OF COMMISSIONERS OF WABASH COUNTY v. MASON.

[No. 12,105. Filed February 26, 1925.]

HIGHWAYS.—*Evidence admissible on superintendent's claim for services.*—In an action by the superintendent of construction of a highway built under the provisions of the "Three Mile Road Law" for compensation for his services as such superintendent, it was error to exclude evidence that the road was not constructed according to the specifications and that he spent much of his time at a garage he was operating, as such evidence would show that he was derelict in the performance of his duties and might show that his services were of no value.

From Wabash Circuit Court; *Frank O. Switzer,* Judge.

Action by Oliver H. Mason against the board of commissioners of the county of Wabash. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Walter S. Bent,* for appellant.

*D. F. Brooks,* for appellee.

NICHOLS, J.—Appellee was superintendent of the construction of a certain highway known as the Mason road in Liberty township, Wabash county, built under the Three Mile Road Law. He filed his claim for 120 days service as such superintendent and the same was disallowed by the board of commissioners. He appealed to the circuit court, which rendered judgment in his favor in the sum of $240. The error relied upon in this court is the action of the court in overruling appellant's

motion for new trial, the reason for which that we need to consider being that the court erred in refusing to admit certain testimony hereinafter considered. Section 7730 Burns 1914, Acts 1905 p. 521, provides for the employment of a superintendent for the construction of highways under the Three Mile Road Law and further provides that "his compensation shall not exceed $2.00 per day for the time actually employed, to be paid out of the construction fund of said road." The language of this statute is clear and unambiguous. It fixes the maximum compensation at $2 per day, but does not fix the minimum, leaving it for the board or the court to determine the value of such services. There was no way by which the court could determine this value except by hearing evidence thereof based on the kind, quality and character of such service. Appellant offered to prove by divers witnesses that the subgrade was not lowered to a sufficient depth, as required by the specifications; that the concrete base was a little less than four and one-half inches instead of six inches, as required by the specifications; that in other particulars, the road was not constructed according to the specifications, and that the superintendent was derelict in not requiring the contractor to so construct it. This evidence was proper and it was error to exclude it, as going to the value of the superintendent's services. It appears by the evidence that much of his time was spent at a public garage which he was operating, and elsewhere, and if he, by neglect or for other reason, failed to require the road to be constructed according to specifications, his services may have been of no value. The position of appellee as superintendent was an important and responsible one and one in which the public had a right to demand conscientious service.

Judgment reversed, with instructions to grant a new trial.